UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT F. KENNEDY, JR., Secretary of Health and Human Services, et al.,<br><br>        Defendants. | Civil Action No. 25-1265 (ACR) |

## **DEFENDANTS' PRE-MOTION NOTICE**

Defendants, Robert F. Kennedy, Secretary of Health and Human Services, Dorothy Fink, Acting Assistant Secretary for Health, and Amy L. Margolis, Deputy Director of the Office of Population Affairs (collectively "Defendants" or "HHS"), by and through the undersigned counsel, respectfully submit this request for a Pre-Motion Conference or briefing schedule pursuant to ¶ 7(f) of the Court's Standing Order.[1]

Plaintiff National Family Planning & Reproductive Health Association ("Plaintiff") purportedly brings this lawsuit on behalf of fourteen of its members, while only naming Essential

---

[1] Defendants understand that filing this pre-motion notice consistent with the Court's Standing Order will prompt the Court to schedule a pre-motion conference and establish a briefing schedule for any motion resulting from this filing. As such, Defendants understand that the date for it to file the motion to dismiss under Federal Rule of Civil Procedure 12(b) discussed herein will be set by further order of the Court, that the filing of this Notice triggers the timing provisions of Rule 12(a)(4) such that Defendants' time to file a responsive pleading has been extended, and that Defendants have preserved the defenses identified in this notice for purposes of Rule 12(b). If Defendants' understanding is incorrect, Defendants hereby respectfully move to stay its initial response deadline pending further order of the Court to allow for the Standing Order's pre-motion procedures to conclude.

Access Health and Missouri Family Health Council, under the Administrative Procedure Act ("APA"), alleging that Defendants' actions are *ultra vires* (Count IV). *See generally* Compl. (ECF No. 1). In short, Plaintiff claims that HHS, under 45 C.F.R. § 75.371(a), has withheld Title X grants for federally funded family planning services from Title X grantees, but HHS has failed to make any determination that the grantees violated any federal statutes, regulations, or the terms and conditions of a Federal award, and thus Defendants' actions allegedly are contrary to law. *Id.* ¶ 1. As discussed further below, Defendants intend to move to dismiss all claims pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

*First*, Plaintiff's claims are fundamentally contractual, and therefore Plaintiff's claim can only be heard by the Court of Federal Claims. The crux of Plaintiff's claims is the contention that HHS has improperly withheld Title X grants for federally funded family planning services from Title X grantees. *See* Compl. (ECF No. 1) ¶ 1. Throughout the Complaint, the restoration of the grants remains Plaintiff's focus. *See generally id.* The gravamen of Plaintiff's Complaint is that grantees have not been paid the monies that purportedly are due under the grant agreements. *Id.* Plaintiff's claim is styled as a claim to funds to which its members say they are entitled under an active grant agreement but, under Supreme Court guidance in *Department of Education v. California*, 145 S. Ct. 966 (2025) (per curiam), a federal district court lacks jurisdiction to hear such claims. In *California*, the Supreme Court held that the government was "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA," *id.* at 968, reasoning that "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* (quoting 28 U.S.C. §1491(a)(1)). The contracts at issue there—just as in this case—were federal grant agreements

that were terminated and challenged by the grantees. Thus, the Tucker Act precludes this Court's jurisdiction, and Plaintiff's Complaint is subject to dismissal for lack of jurisdiction.

*Second*, Plaintiff does not challenge any final agency action that can be contested under the APA. Plaintiff contends that "the withholding of funds constitutes a final agency action subject to review." *See, e.g.*, Compl. (ECF No. 1) ¶¶ 8, 94, 101, 106, 111. Contrary to Plaintiff's claims, and as made clear from the March 31 Letters annexed to Plaintiff's Complaint, the Title X grants at issue in this matter have been *temporarily* withheld based on possible violations of the terms and conditions set forth in the respective notices of award. HHS requested that each grantee provide a response or documents, including, but not limited to, a statement of position, a copy of nondiscrimination policies, and a copy of any complaints or grievances alleging discrimination against a job applicant on the basis of race, in order for HHS to determine compliance. *See, e.g.*, Pl.'s Exs. A, B annexed to Compl. (ECF Nos. 1-1, 1-2). The decision-making process remains ongoing and there has been no final agency action. "Where there is no final agency action, a plaintiff has no cause of action under the APA." *Ramirez v. U.S. Immigr. & Customs Enf't*, 310 F. Supp. 3d 7, 22 (D.D.C. 2018). It is well established that to be "final," an agency action must both "mark the consummation of the agency's decisionmaking process" and "be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). Accordingly, with no final agency action, this action is subject to dismissal for a failure to state a claim under the APA.

*Lastly*, Plaintiff's *ultra vires* claim fails. Plaintiff claims that "[HHS's] action of withholding funds is unlawful because it is an *ultra vires* exercise of [its] power." Compl. (ECF No. 1) ¶ 123. *Ultra vires* review is "a doctrine of last resort," *Schroer v. Billington*, 525 F. Supp.

2d 58, 65 (D.D.C. 2007), and the equivalent of "a Hail Mary pass—and in court as in football, the attempt rarely succeeds," *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009); *see Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 178 (D.C. Cir. 2006). Plaintiff's asserted *ultra vires* cause of action is foreclosed because there are other channels for review of Plaintiff's claims. Namely, to the extent Plaintiff's claims are justiciable, those claims should be before the Court of Federal Claims. Also, Plaintiff argues that the APA is applicable and, even on Plaintiff's own view of this matter, the *ultra vires* claim is not the only one available option to Plaintiff. Therefore, the Plaintiff's *ultra vires* claim is subject to dismissal for failure to state a claim.

For all these reasons, Defendants request that the Court schedule a pre-motion conference or briefing schedule because, pursuant to Rules 12(b)(1) and 12(b)(6), dismissal of this action is warranted.

Dated: June 23, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:       */s/ Stephanie R. Johnson*
    STEPHANIE R. JOHNSON,
      D.C. Bar # 1632338
    Assistant United States Attorney
    Civil Division
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*