UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as United States Secretary of Health and Human Services, *et al.*,<br><br>Defendants. | No. 1:25-cv-01265 (ACR) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRE-MOTION NOTICE**

Defendants' Pre-Motion Notice, ECF No. 14 ("Defs.' Notice"), asserts three bases for dismissal, none of which have merit. Defendants argue that jurisdiction lies only in the Court of Federal Claims; that there is no final agency action under the Administrative Procedure Act ("APA"); and that Plaintiff has failed to state an *ultra vires* claim. "Where, as here, the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations" in a 12(b)(1) motion, "the Court assumes the truth of all material factual allegations in the complaint and construes the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Zarghami v. Rubio*, 2025 WL 885123, at *2 (D.D.C. Mar. 21, 2025) (cleaned up).[1] The same standard applies to a 12(b)(6) motion, which a plaintiff survives by setting forth a "facially plausible" claim "that allows the court to draw the reasonable inference

---

[1] Unless otherwise indicated, all emphasis is added and all internal quotation marks and citations are omitted.

that the defendant is liable for the misconduct alleged." *Manjunath v. Mayorkas*, 2023 WL 2913641, at *3 (D.D.C. Apr. 10, 2023).

*First*, to fall within the jurisdiction of the Court of Federal Claims, a claim must be "*at its essence* a contract claim." *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1106 (D.C. Cir. 2022) (emphasis in original). This is not such a case. Defendants chiefly rely on *Department of Education v. California*, 145 S. Ct. 966 (2025), but that case sought an "order[] to enforce a contractual obligation to pay money." *Id.* at 968. By contrast, Plaintiff challenges the cart-before-the-horse *administrative procedure* employed by Defendants to withhold funds now and investigate later, which is contrary to statute (42 U.S.C. § 2000d-1) and regulations (45 C.F.R. §§ 75.371, 80.8), and is arbitrary and capricious. Compl. ¶¶ 95–98, 107, 114–120. These are archetypal APA claims, and this Court is not deprived of jurisdiction simply because the requested relief should lead Defendants to release the grant funds. "[A] district court's jurisdiction 'is not barred by the possibility' that an order setting aside an agency's action may result in the disbursement of funds." *Dep't of Educ. v. California*, 145 S. Ct. at 968 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988)). Indeed, *subsequent* to the *California* decision, the en banc D.C. Circuit in *Widakuswara v. Lake*, 2025 WL 1521355 (D.C. Cir. May 28, 2025), reversed a panel's stay of a preliminary injunction raising this same issue because—in the language of Judge Pillard's panel dissent, which was "substantially" adopted by the en banc court—"[i]f a plaintiff's claim depends on interpretations of statutes and regulations rather than the terms of an agreement negotiated by the parties, the claim is not in essence contractual," 2025 WL 1288817, at *12. Moreover, the Court of Federal Claims has no power to grant the equitable relief that Plaintiff seeks here. *Bowen*, 487 U.S. at 905; Compl. at 34 ("Prayer for Relief").

2

*Second*, both elements of the test for final agency action are satisfied here.  Defendants' March 31 Letters: (1) mark the consummation of the Agency's decisionmaking regarding the process for withholding Title X funds from grantees, as well as whether to withhold funds from specific grantees, Compl. ¶¶ 4–6, 8, 12, 56, 62; and (2) impose immediate legal consequences on Plaintiff's Affected Members by withholding funds that, in the normal course, should have been disbursed to them, thereby severely harming them, their subrecipients, staff, and patients, *id.* ¶¶ 4, 8, 12, 55, 87–90.  That Defendants characterize their action as temporary, *see* Defs.' Notice at 3, is "unconvincing because *final* does not mean *permanent*—just because [the agency] maintains the ability to reverse these actions at some unidentified point in the future, that does not change the fact that the agency has made decisions, communicated them to their . . . grantees, and thereby altered their rights and obligations."  *Widakuswara v. Lake*, No. 1:25-CV-1015-RCL, 2025 WL 1166400, at *12 (D.D.C. Apr. 22, 2025) (emphasis in original), *appeal pending*, No. 25-5144, (D.C. Cir. filed Apr. 24, 2025).  The fact that Defendants recently stated their intent to release withheld funds to four of the sixteen affected grantees does not alter the analysis.[2]

*Third*, Plaintiff is aware that *ultra vires* is a "doctrine of last resort," Defs.' Notice at 3–4, which is why Plaintiff has pleaded the *ultra vires* claim "[i]n the alternative," Compl. ¶ 123.  Thus, to the extent this Court agrees that Plaintiff's APA claims are reviewable, Plaintiff's *ultra vires* claim need not be reached.  But Defendants cannot have their cake and eat it too by contending, on the one hand, that the *ultra vires* claim must be dismissed because it is "not the only one

---

[2] On June 25, 2025, four of Plaintiff's Affected Members received letters from Defendant Amy Margolis informing them that the Office of Assistant Secretary for Health is restoring their previously withheld Title X grants (although no funds have yet been disbursed).  That same day, the other twelve impacted grantees—ten of which are currently Plaintiff's members—received letters informing them that their grant funds remain withheld based on possible violations of federal anti-discrimination laws and requesting additional information to assess compliance.

available option to Plaintiff" given the APA, Defs.' Notice at 4, and asserting, on the other hand, that there is no "final agency action that can be contested under the APA," *id.* at 3. Both things cannot be true. Accordingly, to the extent this Court determines that review under the APA is unavailable to Plaintiff, the *ultra vires* claim should not be dismissed, as Plaintiff has alleged facts that, if taken as true, clearly demonstrate that the agency has "transgress[ed] clear and mandatory limits that Congress has imposed on its authority." *Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 725 (D.C. Cir. 2022); *see* Compl. ¶¶ 75–76, 82–86, 123–126.[3]

*Finally*, because it is apparent that the arguments on Defendants' motion to dismiss significantly overlap with the arguments on Plaintiff's motion for summary judgment, they should be briefed simultaneously, particularly in light of the need for an order from this Court before the potential reversion of funds to the Treasury at the end of the fiscal year. Such simultaneous briefing is not uncommon. *See, e.g.*, *RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 45 (D.D.C. 2019) (denying motion to dismiss and granting summary judgment in APA case); *Philip Morris USA Inc. v. FDA*, 202 F. Supp. 3d 31, 36 (D.D.C. 2016) (denying motion to dismiss and granting summary judgment in part in APA case); *Liu v. Novak*, 509 F. Supp. 2d 1, 2 (D.D.C. 2007) (denying motion to dismiss and granting summary judgment in APA case); *see also McGehee v. U.S. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019) ("District courts enjoy broad discretion [in] case management and scheduling matters.").

---

[3] Because Plaintiff's claims do not arise under the Tucker Act, *see supra* 2, Defendants' contention that the *ultra vires* claim is similarly "foreclosed" because Plaintiff could bring its claims "before the Court of Federal Claims," Defs.' Notice at 4, also fails.

4

June 30, 2025,

        Respectfully submitted,

        */s/ Brigitte Amiri*
        Brigitte Amiri
        Meagan Burrows
        Ryan Mendias
        Nora Ellmann
        American Civil Liberties Union Foundation
        125 Broad Street, 18th Floor
        New York, NY 10004
        T: (212) 549-2500
        bamiri@aclu.org
        mburrows@aclu.org
        rmendias@aclu.org
        nellmann@aclu.org

        Arthur B. Spitzer (D.C. Bar No. 235960)
        Aditi Shah (D.C. Bar No. 90033136)
        American Civil Liberties Union
          of the District of Columbia
        529 14th Street, NW, Suite 722
        Washington, D.C. 20045
        T: (202) 601-4266
        aspitzer@acludc.org
        ashah@acludc.org

        Robin Summers (D.C. Bar No. 219473)*
        National Family Planning & Reproductive Health Association
        1025 Vermont Ave. NW, Suite 800
        Washington, D.C. 20005
        T: (202) 293-3114
        rsummers@nfprha.org

        *Attorneys for Plaintiff*

        *Pro hac motion pending*