UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT F. KENNEDY, JR., Secretary of Health and Human Services, et al.,<br><br>        Defendants. | Civil Action No. 25-1265 (ACR) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S PRE-MOTION NOTICE**

    Defendants, Robert F. Kennedy, Secretary of Health and Human Services, Dorothy Fink, Acting Assistant Secretary for Health, and Amy L. Margolis, Deputy Director of the Office of Population Affairs (collectively, "Defendants" or "HHS"), by and through the undersigned counsel, respectfully submit this response to the Pre-Motion Notice (ECF No. 13) filed by Plaintiff National Family Planning & Reproductive Health Association ("Plaintiff").

    Plaintiff purports to bring this lawsuit on behalf of fourteen of its members, while only identifying Essential Access Health and Missouri Family Health Council. It asserts claims under the Administrative Procedure Act ("APA") (Counts I to IV) and alleges that Defendants' actions are *ultra vires* (Count V). *See generally* Compl. (ECF No. 1).

    Plaintiff advised the Court that it intends to file a motion for summary judgment as it relates to the First, Second, and Third (and potentially the Fourth) Causes of Action, which pertain to the claims brought under the APA. *See generally* Pl.'s Pre-Motion Notice (ECF No. 13). Plaintiff also stated that it intends to request an expedited briefing schedule. *Id.*

For the jurisdictional and other reasons identified in Defendants' Pre-Motion Notice (ECF No. 14), this matter is not presently suitable for the merits briefing Plaintiff seeks.  It would be an inefficient use of judicial and party resources to proceed to merits issues now, especially because jurisdiction must "be established as a threshold matter."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), *abrogated on other grounds as stated in Riley v. Bondi*, No. 23-1270, 2025 WL 1758502, at *8 (U.S. June 26, 2025) ("'Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).  Thus, any merits summary judgment briefing and the production of an administrative record (to the extent one exists) should be stayed until a decision is reached on Defendants' forthcoming dispositive motion.  Indeed, a stay is appropriate because the "Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate;[1] and only then, summary judgment."  *Comm. on Ways & Means v. Dept of the Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019).  "This process allows the Court to assure itself of jurisdiction and address threshold matters" before dealing with other litigation issues.  *Id*.  The Court should not abandon the general practice in this matter, especially since Defendants' forthcoming motion may dispose of this entire case.

To the extent Defendants ultimately must respond to Plaintiff's motion for summary judgment, Defendants will move on the grounds raised in their Pre-Motion Notice.  Namely, the

---

[1] "Discovery is generally unavailable in cases involving judicial review under the APA, *Stand Up for California! v. United States Dep't of Interior*, 315 F. Supp. 3d 289, 293 (D.D.C. 2018) (citing *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011)).  Such is the case in this action.

Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction because Plaintiff's claims are fundamentally contractual and therefore can only be heard by the Court of Federal Claims. *See* Defs.' Pre-Motion Notice (ECF No. 14) at 2–3. Further, the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff does not challenge any final agency action that can be contested under the APA. *Id.* at 3. In fact, Plaintiff admits that "[n]one of the March 31 Letters state that HHS has made an actual determination that any grantee is violating (or has violated) any grant term or condition or any law, nor do any of the Letters state that HHS has determined that any alleged noncompliance cannot be remedied by imposing additional conditions." Pl.'s Pre-Motion Notice (ECF No. 13) at 2. Thus, with no final agency action, Plaintiff's lawsuit is subject to dismissal for failure to state a claim under the APA. Further, Defendants intend to move to dismiss Plaintiff's *ultra vires* claim for failure to state a claim, including, but not limited to, because there are other options available to Plaintiff. *See* Defs.' Pre-Motion Notice (ECF No. 14) at 3.

In terms of Plaintiff's request for an expedited briefing schedule, Defendants do not oppose this request (nor do Defendants oppose Plaintiff's request to move first). Defendants, however, propose the following briefing schedule:

- Plaintiff's motion due by July 24, 2025;
- Defendants' combined cross-motion and opposition due by August 7, 2025;
- Plaintiff's combined opposition and reply due August 14, 2025; and,
- Defendants' reply due by August 28, 2025.

\*   \*   \*

For all these reasons, as well as the reasons discussed in Defendants' Pre-Motion Notice, Defendants request that the Court schedule a pre-motion conference or enter the briefing schedule mentioned above.

Dated: June 30, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:       /s/ Stephanie R. Johnson
STEPHANIE R. JOHNSON,
  D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*