UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT F. KENNEDY, JR., Secretary of Health and Human Services, et al.,<br><br>        Defendants. | Civil Action No. 25-1265 (ACR) |

**DEFENDANTS' SUPPLEMENTAL PRE-MOTION NOTICE**

Defendants, Robert F. Kennedy, Secretary of Health and Human Services, Dorothy Fink, Acting Assistant Secretary for Health, and Amy L. Margolis, Deputy Director of the Office of Population Affairs (collectively "Defendants"), by and through undersigned counsel, respectfully submit this supplemental pre-motion notice to include an additional basis for dismissal in light of recent developments.

Plaintiff National Family Planning & Reproductive Health Association ("Plaintiff") brings this lawsuit in a representative capacity, purportedly on behalf of fourteen of its members, but Plaintiff only identified Essential Access Health and Missouri Family Health Council. *See generally* Compl. (ECF No. 1); *see also id.* ¶¶ 22, 24.

Since Plaintiff filed its complaint on April 24, 2025, events have plainly rendered any claims relating to Essential Access Health and Missouri Family Health Council moot. On June 25, 2025, Defendants notified those entities that their Title X grants were restored and, as of this filing, each entity should have started to receive funding again; thus, the claims relating to those

entities are moot. *See Porzecanski v. Azar*, 943 F.3d 472, 479 (D.C. Cir. 2019) ("[A] case is moot if intervening events make it impossible to grant any effectual relief or if a party has already obtained all the relief that it has sought." (citations omitted)). And because Plaintiff has not identified any other members besides Essential Access Health and Missouri Family Health Council that allegedly have suffered an injury, Plaintiff lacks Article III standing, and thus, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). *See U.S. Chamber of Com. v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011) ("When a [plaintiff] claims associational standing, it is not enough to aver that unidentified members have been injured… Rather the [plaintiff] must specifically 'identify members who have suffered the requisite harm.'" (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)).

For all these reasons, as well as those in the Defendants' initial pre-motion notice, dismissal of this action is warranted pursuant to Rules 12(b)(1) and 12(b)(6).

| | |
|---|---|
| Dated: July 9, 2025<br>Washington, DC | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By: _____*/s/ Stephanie R. Johnson*_____<br>STEPHANIE R. JOHNSON,<br>D.C. Bar # 1632338<br>Assistant United States Attorney<br>Civil Division<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-7874<br>Stephanie.Johnson5@usdoj.gov<br><br>*Attorneys for the United States of America* |