UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>ROBERT F. KENNEDY, JR., in his official capacity as United States Secretary of Health and Human Services, *et al.*,  )<br><br>Defendants.  ) | No. 1:25-cv-01265 (ACR) |

**PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DEFENDANTS TO HOLD FUNDS PENDING RESOLUTION OF THE MERITS OF THIS CASE**

Pursuant to 31 U.S.C. § 1502(b) and the Court's inherent equitable power, Plaintiff respectfully moves this Court to issue an order directing Defendants to hold the funds at issue in this case until the Court has issued a final ruling on the merits. As required by Local Rule 7(m), Plaintiff has conferred with Defendants, and they oppose this motion.

In the context of cases involving government funding, courts typically hold that the case becomes moot if the relevant funds have been obligated elsewhere and/or the appropriation has lapsed. *See, e.g.*, *City of Houston, Texas v. Dep't of Hous. & Urb. Dev't*, 24 F.3d 1421, 1426 (D.C. Cir. 1994). However, "Congress has expressly authorized courts to suspend the lapse of budget authority while lawsuits play out." *Goodluck v. Biden*, 104 F.4th 920, 928 (D.C. Cir. 2024) (citing 31 U.S.C. § 1502(b)). That statute provides:

> A provision of law requiring that the balance of an appropriation or fund be returned to the general fund of the Treasury at the end of a definite period does not affect the status of lawsuits or rights of action involving the right to an amount payable from the balance.

31 U.S.C. § 1502(b).

Accordingly, and independently, it is well established that

> [T]he equity powers of the courts allow them to take action to preserve the status quo of a dispute and protect their ability to decide a case properly before them. In such situations, the courts simply suspend the operation of a lapse provision and extend the term of already existing budget authority.

*City of Houston*, 24 F.3d at 1426 (quoting *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588–89 (D.C. Cir. 1977)); *see also West Virginia Ass'n of Community Health Centers, Inc. v. Heckler*, 734 F.2d 1570, 1576–77 (D.C. Cir. 1984) (noting that "an equitable doctrine has been fashioned by the federal courts . . . to permit funds to be awarded to a deserving plaintiff even after the statutory lapse date, as long as the lawsuit was instituted on or before that date"); *State of Conn. v. Schweiker*, 684 F.2d 979, 997 (D.C. Cir. 1982) (concluding that because the plaintiffs had filed the suit and requested relief before the remaining funds at issue lapsed, "the District Court clearly had equitable authority to suspend operation of the statutory lapse provision"); *Nat'l Ass'n of Neighborhood Health Ctrs. v. Matthews*, 551 F.2d 321, 338 (D.C. Cir. 1976) (reversing district court's order refusing to extend the time by which monies may be obligated and ordering that in the interim that funds remain available, noting that "a District Court is enabled . . . to order funds to be held available, beyond a statutory lapse, if equity so requires").

   Here, Plaintiff claims that Defendants have violated the relevant statute and regulations by unlawfully withholding Title X funding from Plaintiff's Affected Members while Defendants investigate "possible" violations of civil rights laws. Defendants have indicated that they will seek to dismiss this case on the basis that there is no final agency action under the APA because Defendants are continuing to investigate Plaintiff's Affected Members and those investigations are not complete. Defs' Pre-Notice Motion (ECF No. 14). But, as this Court pointed out at the July 15 pre-motion conference, Defendants' investigation could last indefinitely. Defendants should

not be permitted to run out the clock on the current Title X appropriation, which lapses on September 30, 2025, at which time the funds may revert to the U.S. Treasury.[1]

Although Plaintiff seeks an order from this Court directing Defendants to hold the funds at issue, Plaintiff's claims are not "in essence" contract claims and Plaintiff is not seeking "money damages," and thus Defendants' argument that Plaintiff's case belongs in the Court of Federal Claims is wrong. *See* Pl.'s Response to Defs.' Pre-Mot. Notice (ECF No. 20). As in *Bowen v. Massachusetts*, 487 U.S. 879 (1988), "[t]he Secretary's novel submission that the entire action is barred . . . must be rejected because the doubtful and limited relief available in the Claims Court is not an adequate substitute for review in the District Court." *Id*. at 901. Here, as in *Bowen*, Plaintiff is seeking relief that would not be available to it in the Court of Federal Claims, *see id.* at 905, including vacatur of the March 31 letters; a declaration that Defendants violated 45 C.F.R. § 75.371, 45 C.F.R. § 80.8, and 42 U.S.C. § 2000d-1, and permanent injunctive relief prohibiting Defendants from violating these laws, Compl. at 34 ("Prayer for Relief"). As such, restoring Plaintiff's grants would be a mere "by-product" of Plaintiff's requested relief. *Bowen*, 487 U.S. at 910; *see also Southern Educ. Foundation v. U.S. Dep't of Educ.*, 2025 WL 1453047, at *9–10 (D.D.C. May 21, 2025) (Friedman, J.) (same); *Widakuswara v. Lake*, 2025 WL 1166400 (D.D.C. Apr. 22, 2025) (Lamberth, J.) (same), *application for stay denied, Widakuswara v. Lake*, 2025 WL 1521355 (D.C. Cir. May 28, 2025) (en banc); *Climate United Fund v. Citibank, N.A.*, 2025 WL 1131412, at *9–12 (D.D.C. April 16, 2025) (Chutkan, J.) (finding that the Tucker Act did not apply to case seeking equitable relief that would reinstate the plaintiff's grant) *appeal pending*, No. 25-5122 (D.C. Cir. filed Apr. 16, 2025).

---

[1] In an email dated July 11, 2025, Defendants' counsel represented to Plaintiff's counsel that Defendants "are already holding the funds for the paused grantees until the end of the fiscal year."

It would be an inequitable result if Plaintiff obtains a judgment that Defendants violated 45 C.F.R. § 75.371, 45 C.F.R. § 80.8, and 42 U.S.C. § 2000d-1 but Plaintiff's Affected Members grants are not restored because the unlawfully withheld funds have reverted to the Treasury.

Accordingly, Plaintiff respectfully requests that this Court exercise its statutory and equitable power to order Defendants to hold the funds at issue ($30.1 million) beyond the statutory lapse date of September 30, 2025, and throughout the pendency of this case, until final judgment on the merits.

July 22, 2025,                                             Respectfully submitted,

*/s/ Brigitte Amiri*
Brigitte Amiri
Meagan Burrows
Ryan Mendias
Nora Ellmann
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2500
bamiri@aclu.org
mburrows@aclu.org
rmendias@aclu.org
nellmann@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah (D.C. Bar No. 90033136)
American Civil Liberties Union
  of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: (202) 601-4266
aspitzer@acludc.org
ashah@acludc.org

Robin Summers (D.C. Bar No. 219473)
National Family Planning & Reproductive Health Association
1025 Vermont Ave. NW, Suite 800

Washington, D.C. 20005
T: (202) 293-3114
rsummers@nfprha.org

*Attorneys for Plaintiff*