UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiff, |  | No. 1:25-cv-01265 (ACR) |
| v. |  |  |
| ROBERT F. KENNEDY, JR., *et al.*, |  |  |
| Defendants. |  |  |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 7(h)(1), Plaintiff National Family Planning & Reproductive Health Association ("NFPRHA"), by and through undersigned counsel, respectfully submits the following Statement of Material Facts Not in Dispute.

| | |
|---|---|
| 1. NFPRHA is a national, non-profit membership association that advances and elevates the importance of family planning in the nation's health care system. *See* Decl. of Clare M. Coleman in Supp. of Pl.'s Mot. for Partial Summary Judgment ("Coleman Decl.") ¶ 2. | |
| 2. NFPRHA promotes and supports the work of family planning providers and administrators, especially those that provide care funded through government programs. Coleman Decl. ¶ 2. | |
| 3. NFPRHA is a membership organization. Coleman Decl. ¶¶ 2, 3. | |

| | |
|---|---|
| 4. NFPRHA has nearly 900 organizational members. Coleman Decl. ¶ 3. | |
| 5. NFPRHA's members include multiple organizations that receive Title X grants. Coleman Decl. ¶¶ 2, 10, 19, 22. | |
| 6. Within Title X, NFPRHA's members operate or administer more than 3,000 health centers that provide family planning services to more than 2.2 million patients each year. Coleman Decl. ¶ 10. | |
| 7. NFPRHA is the lead national advocacy organization for the Title X family planning program. Coleman Decl. ¶ 11. | |
| 8. A vital component of NFPRHA's mission involves working to maintain Title X as a critical part of the public health safety net. Coleman Decl. ¶ 11. | |
| 9. In furtherance of its mission and purpose, NFPRHA engages in Title X advocacy, provides education, expert resources, and technical assistance to Title X grantees and subrecipients, and supports the work of those entities on an ongoing basis as they implement Title X. Coleman Decl. ¶ 11. | |
| 10. Title X grantees' non-competing continuation applications for funding for the 2025 fiscal year (FY 2025) were due by January 6, 2025, for the budget period beginning April 1, 2025. Coleman Decl. ¶ 19. | |
| 11. Fifty-eight of NFPRHA's members submitted non-competing continuation applications for FY 2025 Title X funding by the January 6, 2025, deadline. Coleman Decl. ¶ 19. | |
| 12. Non-competing continuation applications for Title X funding are virtually always granted. Coleman Decl. ¶ 18. | |
| 13. The NFPHRA member grantees that submitted FY 2025 non-competing continuation applications expected to receive new notices of award approving | |

|  |  |
|---|---|
| their applications in late March of 2025. Coleman Decl. ¶¶ 18, 20. |  |
| 14. On March 31, 2025, sixteen Title X grantees received letters from Office of Population Affairs ("OPA") Deputy Director Amy Margolis notifying them that the Office of the Assistant Secretary for Health ("OASH") was withholding their Title X continuation grants pending investigation into *possible* violations of the terms and conditions of their grants, including the requirement that Title X grantees administer their project in compliance with federal civil rights laws ("March 31 Letters"). Coleman Decl. ¶ 21. |  |
| 15. Fifteen of the sixteen Title X grantees that had grants withheld pursuant to the March 31 Letters are currently NFPRHA members ("Affected Members"). Coleman Decl. ¶ 22, n.2. |  |
| 16. The fifteen NFPRHA members that had grants withheld pursuant to the March 31 Letters are: AccessMatters; Adagio Health; Bridgercare; Converge; Essential Access Health; Maine Family Planning; Missouri Family Health Council; Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky; Planned Parenthood of Minnesota, North Dakota, and South Dakota; Planned Parenthood of Northern New England; Planned Parenthood of Southern New England; Planned Parenthood of South Atlantic; Planned Parenthood Association of Utah; The Virginia League for Planned Parenthood; and Planned Parenthood of Greater Ohio. Coleman Decl. ¶ 22, n.2. |  |
| 17. All of the March 31 Letters received by NFPRHA's Affected Members are substantially similar in substance to the letter received by NFPRHA member Missouri Family Health Council, Inc. ("MFHC"). Coleman Decl. ¶ 23; Exhibit A to Coleman Decl., Letter from |  |

3

| | |
|---|---|
| Amy Margolis, Deputy Director, OPA, to MFHC (Mar. 31, 2025) ("Mar. 31 MFHC Letter"). | |
| 18. The March 31 Letters state that disbursement of the Affected Member's "Title X grant award is being temporarily withheld based on possible violations of the terms and conditions set forth in the notice of award."  Mar. 31 MFHC Letter at 1. | |
| 19. The March 31 Letters state that the withholding was undertaken "pursuant to 45 C.F.R. 75.371(a)."  Mar. 31 MFHC Letter at 1. | |
| 20. The March 31 Letters quote the Standard Terms in the Notice of Award, which provides: "You must administer your project in compliance with federal civil rights laws that prohibit discrimination on the basis of race, color, [and] national origin."  Mar. 31 MFHC Letter at 1 (alteration in original). | |
| 21. The March 31 Letters inform the Affected Members that "[r]eview of public materials posted by" the Affected Members "suggests [they] may be" or are "engaged in conduct that violates" Title VI and/or Title VII of the Civil Rights Act.  Mar. 31 MFHC Letter at 1. | |
| 22. The March 31 Letters identify and provide links to one or two "public materials posted by" the majority of the Affected Members.  Mar. 31 MFHC Letter at 1. | |
| 23. The March 31 Letters state that the identified materials "reflect a likely violation" of the terms of the Members' grant.  Mar. 31 MFHC Letter at 1. | |
| 24. The eight Planned Parenthood Affected Members that had grants withheld received a single March 31 Letter, addressed to all of them.  Coleman Decl. ¶ 24. | |
| 25. The eight Planned Parenthood Affected Members' March 31 Letter fails to | |

4

| | |
|---|---|
| identify or provide links to *any* "public materials" posted by five of the eight Planned Parenthood Affected Members. Coleman Decl. ¶ 25. | |
| 26. The March 31 Letters quote the Affected Members' NOAs, which provide: "You must comply with . . . requirements imposed by . . . Executive Orders[.]" Mar. 31 MFHC Letter at 1 (alternation in original). | |
| 27. The March 31 letters specifically reference Executive Order 14218, "Ending Taxpayer Subsidization of Open Borders." Mar. 31 MFHC Letter at 1. | |
| 28. The March 31 Letters state that "[Executive Order 14218] sets forth a policy to remove incentives for illegal immigration by ensuring that taxpayer-funded benefits are not provided to illegal aliens." Mar. 31 MFHC Letter at 1. | |
| 29. The March 31 Letters indicate that the Office of the Assistant Secretary for Health ("OASH") requests information to ensure compliance with the requirement of EO 14218. Mar. 31 MFHC Letter at 1. | |
| 30. The March 31 Letters state that "OASH is withholding payments under all captioned awards effective as of the date of this letter." Mar. 31 MFHC Letter at 1. | |
| 31. The March 31 Letters state that "OASH will communicate with [the Affected Members] to assess the existence and scope of practices that violate civil rights laws" and to assess the same or ensure compliance with EO 14218. Mar. 31 MFHC Letter at 1. | |
| 32. The March 31 Letters contain a request for documents from each Affected Member "and all its sub-awardees to assess compliance with grant terms and conditions, including civil rights laws | |

| | |
|---|---|
| and EO 14218." Mar. 31 MFHC Letter at 1–2. | |
| 33. Prior to withholding NFPRHA's Affected Members' Title X grants pursuant to the March 31 Letters, HHS made no actual determination that any of NFPRHA's Affected Members had in fact violated or were in fact violating the terms or conditions of their grants. Mar. 31 MFHC Letter. | |
| 34. Prior to receipt of the March 31 Letters, NFPRHA's Affected Members had received no notice from HHS indicating that HHS suspected they were out of compliance with any terms or conditions of their grants. Coleman Decl. ¶ 26; Mar. 31 MFHC Letter. | |
| 35. Prior to receipt of the March 31 Letters, NFPRHA's Affected Members had received no notice from HHS indicating that their grants were at risk of being withheld based on suspected non-compliance with the terms or conditions of their grants. Coleman Decl. ¶ 26; Mar. 31 MFHC Letter. | |
| 36. Prior to receipt of the March 31 Letters, NFPRHA's Affected Members were not provided any opportunity to voluntarily remedy any suspected violation of the terms or conditions of their grants. Coleman Decl. ¶ 26; Mar. 31 MFHC Letter. | |
| 37. Prior to the withholding of NFPRHA's Affected Members' Title X grants pursuant to the March 31 Letters, NFPRHA's Affected Members were not provided an opportunity for a hearing to contest any alleged failure to comply with the requirements of federal civil rights law. Coleman Decl. ¶ 27; Mar. 31 MFHC Letter. | |
| 38. Prior to the withholding of NFPRHA's Affected Members' Title X grants pursuant to the March 31 Letters, no express finding that any NFPRHA's Affected Members actually failed to | |

6

| | |
|---|---|
| comply with the requirements of any federal civil rights law was made on the record after the conclusion of a hearing. Coleman Decl. ¶ 27; Mar. 31 MFHC Letter. | |
| 39. Prior to the withholding of NFPRHA's Affected Members' Title X grants pursuant to the March 31 Letters, HHS did not file any written reports detailing the circumstances and grounds for withholding funds from any of NFPRHA's Affected Members with any House or Senate committee. Coleman Decl. ¶ 28; Mar. 31 MFHC Letter. | |
| 40. HHS did not wait at least 30 days after filing written reports detailing the circumstances and grounds for withholding funds from NFPRHA's Affected Members with House or Senate committees before letting its decision to withhold funds take effect. Coleman Decl. ¶ 28; Mar. 31 MFHC Letter. | |
| 41. Over the course of at least the past fifteen years, no Title X grantee has had their continuation grant withheld pending investigation into compliance with the terms and conditions of the grant. Coleman Decl. ¶ 29. | |
| 42. Over the course of at least the past fifteen years, on the rare occasion that HHS has undertaken an investigation into a Title X grantee's compliance with terms and conditions, HHS has continued to fund the grantee during the pendency of the investigation and has provided the grantee with an opportunity to come into compliance prior to withholding or terminating the provision of funds. Coleman Decl. ¶ 29. | |
| 43. On June 25, 2025, four of NFPRHA's Affected Members received letters from OPA Deputy Director Margolis informing them that the OASH was restoring their previously withheld Title X grants. Coleman Decl. ¶ 30. | |

| | |
|---|---|
| 44. On June 25, 2025, eleven of NFPRHA's Affected Members received letters informing them that their grant funds would remain withheld based on possible violations of the terms and conditions of their grants and requesting additional information to assess compliance ("June 25 Letters"). Coleman Decl. ¶ 32. | |
| 45. The eleven Affected Members that received June 25 Letters are: AccessMatters; Bridgercare; Maine Family Planning; Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky; Planned Parenthood of Minnesota, North Dakota, and South Dakota; Planned Parenthood of Northern New England; Planned Parenthood of Southern New England; Planned Parenthood of South Atlantic; Planned Parenthood Association of Utah; The Virginia League for Planned Parenthood; and Planned Parenthood of Greater Ohio. Coleman Decl. ¶¶ 22, 30, 32. | |
| 46. On July 23, 2025, three of the remaining eleven Affected Members received letters from OPA Deputy Director Margolis informing them that the OASH was also restoring their previously withheld Title X grants. Coleman Decl. ¶ 33. | |
| 47. The Title X continuation grants of eight of NFPRHA's Affected Members remain withheld. Coleman Decl. ¶ 34. | |
| 48. The eight Affected Members that have grants that remain withheld are: Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky; Planned Parenthood of Minnesota, North Dakota, and South Dakota; Planned Parenthood of Northern New England; Planned Parenthood of Southern New England; Planned Parenthood of South Atlantic; Planned Parenthood Association of Utah; The | |

| | |
|---|---|
| Virginia League for Planned Parenthood; and Planned Parenthood of Greater Ohio.  Coleman Decl. ¶ 35. | |

July 28, 2025,                                    Respectfully submitted,

*/s/ Brigitte Amiri*
Brigitte Amiri
Meagan Burrows
Ryan Mendias
Nora Ellmann
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2500
bamiri@aclu.org
mburrows@aclu.org
rmendias@aclu.org
nellmann@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah (D.C. Bar No. 90033136)
American Civil Liberties Union
  of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: (202) 601-4266
aspitzer@acludc.org
ashah@acludc.org

Robin Summers (D.C. Bar No. 219473)
National Family Planning & Reproductive Health Association
1025 Vermont Ave. NW, Suite 800
Washington, D.C. 20005
T: (202) 293-3114
rsummers@nfprha.org

*Attorneys for Plaintiff*