**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as United States Secretary of Health and Human Services, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-1265 (ACR) |

## ORDER DIRECTING DEFENDANTS TO HOLD FUNDS PENDING RESOLUTION OF THE MERITS OF THIS CASE

This Court has clear and well-established equitable authority to grant the relief Plaintiff seeks—an order requiring Defendants to hold the disputed funds until the Court issues a final ruling on the merits. Federal courts possess inherent power to "preserve the status quo" to "protect their ability to decide a case properly before them."[1] *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977). This authority extends to circumstances where appropriated funds might lapse before a case is resolved. *See id.* In such a situation, a court may "suspend the operation of a lapse provision and extend the term of already existing budget authority." *Id.* The D.C. Circuit reaffirmed this principle in *City of Houston v. Dep't of Hous. and Urb. Dev.*, finding that where "a case is timely filed," a court may act "so that funds from an

---

[1] The Court acknowledges that Defendants challenge its subject matter jurisdiction over this case. But it does not resolve that issue here. While questions of jurisdiction remain pending, a court may nonetheless exercise its equitable powers to preserve the status quo. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947).

appropriation that is about to lapse will remain available pending a dispute's resolution." 24 F.3d 1421, 1427 (D.C. Cir. 1994).

The primary case Defendants rely on, *Goodluck v. Biden*, does not contest this authority. 104 F.4th 920 (D.C. Cir. 2024). In fact, the D.C. Circuit not only reaffirmed that courts have equitable authority in appropriation cases to suspend the lapse of budget authority pending litigation, but it also recognized that "Congress has expressly authorized courts" to do so. 104 F.4th at 928; *see* 31 U.S.C. § 1502(b).[2] While that statute further supports Plaintiff's availability of relief here, it is unnecessary for the Court to rely on it. This Court's inherent equitable powers permit it to preserve the funds at issue here.

The Title X appropriation at issue lapses on September 30, 2025. Dkt. 25 at 3. To prevent the disputed funds from reverting to the U.S. Treasury, timely action is necessary. *Id.* Once Congress reallocates the relevant funds to an agency and that agency commits to spending those funds for a specific purpose, "a court cannot reach [the funds] in order to award relief." *City of Houston*, 24 F.3d 1421, 1426. Defendants, opposing Plaintiff's Motion, have informed the Court that to comply with any order to hold the funds, such an order must be issued no later than September 15, 2025. Therefore, Plaintiff's Motion for an Order Directing Defendants to Hold Funds Pending Resolution of the Merits of the Case is GRANTED. It is hereby

---

[2] Defendants' argument that 31 U.S.C. § 1502(b) is inapplicable here misses the bigger picture. Dkt. 30 at 3–4. Plaintiffs are not claiming that this statute provides their only basis for relief. Dkt. 33 at 3–4. Instead, it illustrates that the Court's equitable authority to hold the funds aligns with Congress's intent to ensure that timely filed lawsuits are not dismissed simply because the funds lapsed.

**ORDERED** that the statutory lapse of Title X-appropriated Fiscal Year 2025 funds at issue in this case ($17,071,834)³ is suspended during the pendency of this litigation; and it is further

**ORDERED** that Defendants shall maintain the Title X Fiscal Year 2025 funds at issue in this case ($17,071,834) to satisfy any order issued by this Court until this Court has issued a final ruling on the merits. While this litigation is pending, Defendants may continue to issue Notices of Awards and provide grants from the funds at issue to Plaintiff's Affected Members that currently have their grants withheld.

Date: September 12, 2025                             _____
                                                     Ana C. Reyes
                                                     United States District Judge

---

³ The Court orders the Defendants to maintain this amount based on the Plaintiff's calculation of the funds still in dispute. The Court notes that, in their Opposition to Plaintiff's Motion for an Order Directing Defendants to Hold Funds, Defendants calculated the amount at issue as $16,929,646. Dkt. 30 at 2. While the Court is ordering the Defendants to hold the larger amount, it makes no determination as to which party's calculation is accurate.