UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as United States Secretary of Health and Human Services, *et al.*,<br><br>Defendants. | No. 1:25-cv-01265 (ACR) |

## JOINT STATUS REPORT

Pursuant to the Court's November 18, 2025, Minute Order, Plaintiff National Family Planning & Reproductive Health Association and Defendants Robert F. Kennedy, Jr., Secretary of Health and Human Services, Admiral Brian Christine,[1] Assistant Secretary for Health, and Amy L. Margolis, Deputy Director of the Office of Population Affairs (collectively, "Defendants" or the "Department"), by and through undersigned counsel, hereby submit this Status Report.

This Court ordered, *inter alia*, the parties to submit a joint status report addressing the following: "(1) the current status of this case and (2) the impact, if any, that any cases currently pending before the United States Court of Appeals for the District of Columbia Circuit or the United States Supreme Court may have on this matter." *See* Nov. 18, 2025, Min. Order.

---

[1]   Admiral Brian Christine is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

1

**Question 1.**

**<u>Plaintiff's position</u>** - As to the first question, Plaintiff reports that Defendants continue to withhold grants from eight of NFPRHA's members. *See* Decl. of Clare Coleman ¶ 35, attached as Ex. 1 to Pl.'s Mot. for Partial Summ. J. (ECF No. 26-3). Those eight members provided documents to Defendants on July 18, 2025, in response to Defendants' investigation, but, to date, Defendants have not communicated about the investigations to the eight members, despite their repeated outreaches to Defendants throughout the months of August and September 2025.

**<u>Defendants' position</u>** - Defendants report that the remaining grants at issue have not yet been restored. Defendants further report that they continue to review the remaining grantees' materials and have not yet issued a determination.

**Question 2.**

As to the second question, the parties are aware of the following cases currently pending in the United States Court of Appeals for the District of Columbia Circuit that may be relevant to the issues in this case and, when necessary, provide their separate position below:

1. *Climate Change Fund v. Citibank*, *N.A.*, 154 F.4th 809 (D.C. Cir. 2025) (holding that the court lacked jurisdiction because the source of the plaintiffs' right was a contract and the requested relief was specific performance, and therefore the claims fell under the Tucker Act), *petition for rehearing en banc briefed* (D.C. Cir. Sept. 30, 2025).

    a. **<u>Plaintiff's position</u>** - Plaintiff submits that even if the panel decision stands, it is distinguishable. As discussed in Plaintiff's briefs and at oral argument, this Court has jurisdiction because Plaintiff does not seek to enforce a contract but rather seeks equitable relief to remedy Defendants' violations of statutes and regulations requiring that they follow a certain sequence before withholding

funding. *See, e.g.*, Pl.'s Opp. to Defs.' Mot. to Dismiss or for Summ. J. (ECF No. 31) at 1-8.

    b. **<u>Defendants' position</u>** - Defendants submit that they moved to dismiss this action, including Plaintiff's APA claims, focusing on the contention that this Court lacks jurisdiction to provide relief because Plaintiff's claims are fundamentally contractual; thus, this Court lacks jurisdiction under the Tucker Act. *See generally* Defs. Mot. (ECF No. 28) at 7-13; *see also* Defs. Reply (ECF No. 34) at 1-5). Similar to the grantees in *Climate Change Fund*, 154 F.4th 809, 822 (D.C. Cir. 2025), "the grantees cannot avoid the Tucker Act's jurisdictional channeling by disguising a breach of contract claim as a claim that the government violated the regulations governing grantmaking." Plaintiff's claims are exactly those traditional contract claims that this Court is precluded from reviewing. The D.C. Circuit's eventual decision on this appeal, and those mentioned below, whether favorable or adverse to the Government, is virtually certain to resolve the issue of this Court's jurisdiction.

2. *Appalachian Voices v. U.S. Env't Prot. Agency*, No. 25-1982 (RJL), 2025 WL 2494905 (D.D.C. Aug. 29, 2025) (holding that the court lacked jurisdiction because the plaintiffs sought to enforce a contract and asked for a court order reinstating grant funds), *appeal docketed*, No. 25-5333 (Sept. 19, 2025).

    a. **<u>Plaintiff's position</u>** - Plaintiff submits that the district court's Tucker Act analysis is distinguishable for reasons similar to those discussed above.

    b. **<u>Defendants' position</u>** – Defendants direct the Court to their response above.

3. *Amica Ctr. for Immigr. Rts. v. Dep't of Justice*, No. 25-298 (RDM), 2025 WL 1852762 (D.D.C. July 6, 2025) (holding that the Tucker Act applied to contract procurement claims; the Tucker Act did not apply to APA claims related to program termination; and that program termination was committed to agency discretion and thus unreviewable), *appeal argued*, No. 25-5254 (Oct. 14, 2025).[2]

   a. **Plaintiff's position** - Plaintiff submits that the district court's analysis finding that it had jurisdiction to consider the plaintiffs' program termination claims, *id*. *13, supports its position that the Tucker Act does not apply here because the Court does not need to look at a contract to resolve Plaintiff's claims and Plaintiff does not request an order from this Court requiring Defendants to pay Plaintiff's members a sum of money. See Pl.'s Opp. to Defs.' Mot. to Dismiss or for Summ. J. (ECF No. 31), at 3–8. The court's Tucker Act holding regarding contract procurement, *Amica Center*, at *11–12, is inapposite given that Plaintiff does not make any such claims. Furthermore, the court's holding that the program termination was committed to agency discretion, *id*. at *14, is distinguishable because Plaintiff is challenging Defendants' violation of statutes and regulations that they *must* follow. See Pl.'s Opp. to Defs.' Mot. to Dismiss or for Summ. J. (ECF No. 31), at 16–18.

   b. **Defendants' position** – In response, Defendants' position is that absent the grant agreements, Plaintiff's members would have no basis for their claims and no interest in continued funding. See Defs. Reply (ECF No. 34) at 2-3. The right to

---

[2] The plaintiffs lost their *ultra vires* claim in the district court but did not appeal that part of the decision.

funding is created in the first instance by the grant agreements—not by any regulatory, statutory, or constitutional provision. *Id.* Defendants also direct the Court to their response above.

4. *Vera Institute of Justice v. U.S. Dep't of Justice*, No. 25-1643 (APM), 2025 WL 1865160 (D.D.C. July 7, 2025), *appeal argued*, No. 25-5248 (Oct. 14, 2025). The parties addressed the district court decision in their briefs. *See* Defs.' Mot. to Dismiss or for Summ. J. (ECF No. 28) at 11, 12, 27; Pl.'s Opp. to Defs.' Mot. to Dismiss or for Summ. J. (ECF No. 31) at 7, 8.

| | |
|---|---|
| Dated: November 25, 2025 | Respectfully submitted, |
| */s/ Brigitte Amiri*<br>Brigitte Amiri<br>Meagan Burrows<br>Ryan Mendias<br>Nora Ellmann<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>T: (212) 549-2500<br>bamiri@aclu.org<br>mburrows@aclu.org<br>rmendias@aclu.org<br>nellmann@aclu.org | JEANINE FERRIS PIRRO<br>United States Attorney<br><br>*/s/ Stephanie R. Johnson*<br>STEPHANIE R. JOHNSON<br>D.C. Bar # 1632338<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-7874<br>Stephanie.Johnson5@usdoj.gov<br><br>*Attorneys for the United States of America* |

Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah (D.C. Bar No. 90033136)
American Civil Liberties Union
  of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: (202) 601-4266
aspitzer@acludc.org
ashah@acludc.org

Robin Summers (D.C. Bar No. 219473)
National Family Planning &
Reproductive Health Association

5

1025 Vermont Ave. NW, Suite 800
Washington, D.C. 20005
T: (202) 293-3114
rsummers@nfprha.org

*Attorneys for Plaintiff*